# 

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| MALIBU MEDIA, LLC, | CASE NO. 12-CV-1054-LAB-DHB |
|---|---|
| Plaintiff, | **ORDER GRANTING MOTION TO SEVER** |
| vs. | |
| JOHN DOES 1-8, | |
| Defendants. | |

The question here is whether members of a BitTorrent "swarm" who share and download copyrighted pornography can be joined as defendants and sued for copyright infringement together. It's an interesting question, and as the parties well know district courts across the country are divided on it—though not evenly. With all due respect to the parties' efforts in briefing the question, the undersigned Judge isn't inclined to venture a decision here that rises above all of the others that are out there. The question has been certified for interlocutory appeal to the D.C. Circuit, and until it or another Court of Appeals rules it seems restraint at the district court level is the best course. The caselaw is full at this point; the parties just need the undersigned Judge to take sides in this case so it can go forward in one form or another.

With that in mind, the undersigned Judge concurs with Judge Huff's thoughtful decision in *Patrick Collins v. John Does 1 through 9*, Case No. 12-CV-1436, Doc. No. 23 (S.D. Cal Nov. 8, 2012). Judge Huff recognized that Malibu Media's theory of joinder "has met with mixed results in the courts," but that "the majority view among district courts within the Ninth Circuit is that allegations of swarm joinder are alone insufficient for joinder." *Id.* at

4. She concluded that "the interests of avoiding undue prejudice and jury confusion, as well as judicial efficiency and fundamental fairness, are better served by severing [the John Doe defendants] and requiring [the plaintiff] to file separate cases against each defendant individually." *Id.* at 7. The motion to sever is therefore **GRANTED**. In the above-captioned case and all other *Malibu Media* cases assigned to the undersigned Judge, the claims against all Does other than Doe No. 1 are dismissed without prejudice. Malibu Media may sue the severed Does separately and individually.

Defendants also ask the Court to quash all outstanding subpoenas for the severed Does' identities from their respective internet service providers. An amicus brief filed by Verizon appears to go further, and suggest that *all* ISP subpoenas should be quashed. The Court's Magistrate Judges have discussed these BitTorrent cases and agreed to restrict early discovery from ISPs to those Doe defendants whose IP addresses originate in this judicial district. *See, e.g.*, *808 Holdings v. Collective of December 29, 2011 Sharing Hash*, Case No. 12-CV-186, Doc. No. 8 (S.D. Cal. May 8, 2012). The Court respects the Magistrates' judgment, and therefore respectfully disagrees with Verizon. As for the subpoenas related to the severed Does, Defendants' motion to quash is **GRANTED**. If Malibu Media decides to sue the severed Does separately and individually, it may seek early discovery from the Magistrate assigned to the new cases.

The Clerk of Court is directed to file this Order in all *Malibu Media* cases assigned to the undersigned Judge.

**IT IS SO ORDERED**.

DATED: November 16, 2012

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge