UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC, a California limited liability company,<br><br>                                    Plaintiff,<br>            v.<br>JOHN DOES 1 through 27,<br><br>                                    Defendants. | Civil No.   12-cv-1356-LAB (DHB)<br><br>**ORDER DENYING DOE X'S MOTION FOR PROTECTIVE ORDER**<br><br>**[ECF No. 6]** |

On June 5, 2012, Plaintiff filed a Complaint against Does 1 through 27 ("John Doe defendants"), alleging direct and contributory copyright infringement. (ECF No. 1.) The Complaint alleges the John Doe defendants illegally reproduced and distributed Plaintiff's copyrighted material through a peer-to-peer Internet network using Bit Torrent technology. On August 31, 2012, Defendant Doe X filed a Motion to Dismiss for Misjoinder and/or for a Protective Order. (ECF No. 6.) Subsequently, on September 18, 2012, John Doe G filed a Motion for Severance of All Does Other than Doe No. 1. (ECF No. 12.) On November 27, 2012, the Honorable Larry Alan Burns granted the Motion for Severance, and dismissed Plaintiff's claims against Does 2 through 27. (ECF No. 17.) On December 28, 2012, Plaintiff filed an Opposition to Doe X's Motion to Dismiss and/or for a Protective Order. (ECF No. 18.)

As an initial matter, the Court notes that John Doe X's Motion to Dismiss for Misjoinder is moot, in light of Judge Burns' Order granting the Motion to Sever. Therefore, the only remaining

issue before the Court is Defendant Doe X's Motion for Protective Order.[1]

Defendant Doe X requests the Court issue a protective order "to protect the identities of DOE 1-27 until individual lawsuits are filed." (ECF No. 6 at 5.) Because the Court has severed Does 2-27, the action is now proceeding on an individual basis against Doe 1. Therefore, it appears the relief Doe X seeks has become moot. To the extent Doe X maintains a protective order should issue because allegations that an individual illegally downloaded adult entertainment goes to matters of a "sensitive and highly personal nature," the Court finds a protective order is not warranted.

The court may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26 (c)(1). However, courts have routinely held that protective orders are not warranted in this type of copyright infringement case. *See e.g. Patrick Collins, Inc. v. John Does 1-54*, 2012 WL 911432 (D. Ariz. Mar. 19, 2012) (denying protective order in BitTorrent copyright infringement case and stating that "[a]lthough the Court acknowledges that there is some social stigma attached to consuming pornography, Defendant strenuously denies the allegations, and it is the rare civil lawsuit in which a defendant is not accused of behavior of which others may disapprove. The nature of the allegations alone do not merit a protective order."); *Voltage Pictures, LLC v. Does 1-5,000*, 818 F.Supp.2d 28, (D. D.C. 2011) ("To the extent that the putative defendants seek protective orders to prevent disclosure of private identifying information, the Court has held that the putative defendants' First Amendment rights to anonymity in the context of their Bit Torrent activity is minimal and outweighed by the plaintiff's need for the putative defendants' identifying information in order to protect its copyrights."); *Liberty Media Holdings, LLC v. Swarm Sharing Hash File, No. 11-10802*, 821 F. Supp.2d 444, 453 (D. Mass. 2011) ("The potential embarrassment to Does 1–38 of being associated with allegations of infringing hardcore pornography does not constitute an exceptional circumstance that would warrant allowing the defendants to proceed anonymously."); *Malibu Media, LLC v. John Does 1-25*, 2012 WL 3940142 (M.D. Fla. Aug. 21, 2012) (denying protective

---

[1] Because Doe X did not withdraw the Motion to Dismiss and/or for Protective Order after the Court dismissed Does 2-27, the Court assumes that Doe X is in fact Doe 1, and is therefore still a party to this action.

order in case alleging John Doe defendants illegally downloaded pornography); *Malibu Media, LLC v. John Does 1-30*, 2012 WL 6203697 (D. N.J. Dec. 12, 2012) (same).

Accordingly, Defendant Doe X's Motion for a Protective Order is DENIED.

**IT IS SO ORDERED.**

DATED: January 16, 2013

DAVID H. BARTICK
United States Magistrate Judge